**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BOWEN, MICLETTE & BRITT OF**
**FLORIDA, LLC, f/k/a HUCKLEBERRY**
**ACQUISITION CO., LLC,**

        **Plaintiff,**

**-vs-**                                    **Case No. 6:12-cv-306-Orl-28KRS**

**TERRY LEE JAMES,**

        **Defendant.**

## ORDER

In its three-count Complaint (Doc. 1), Plaintiff alleges breaches of three promissory notes and three personal guaranties—one as to each note. The case is currently before the Court on the Motion to Dismiss (Doc. 16) filed by Defendant, Terry Lee James, who thus far is appearing *pro se* in this case.[1]

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or

---

[1] In his motion, Defendant refers to being heard "by and through undersigned counsel," (Doc. 16 at 1), but the motion is signed by Defendant with no indication that he is an attorney.

'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Defendant argues that the Complaint should be dismissed because (1) Plaintiff has not attached to the Complaint all of the documents referred to therein that relate to the claims; (2) Plaintiff has not demonstrated—by attaching documentary evidence—that it is the holder of the promissory notes and guaranties at issue; and (3) Plaintiff has improperly combined claims involving breaches of promissory notes and breaches of personal guaranties. Defendant's arguments are without merit.

First, as aptly noted in Plaintiff's Response (Doc. 20), the Federal Rules of Civil Procedure do not require the attachment of documents to the Complaint. Secondly, Plaintiff has alleged that it is the assignee and holder of the notes and personal guaranties at issue, (see Compl. ¶¶ 10, 19, & 27); these allegations are sufficient to survive the motion to dismiss, and presentation of supporting evidence is not required at this stage of the case. Finally, Plaintiff has not impermissibly combined claims in its Complaint by referring to both the notes and the corresponding guaranties in each of the three counts.

In sum, the Complaint contains short and plain statements of each of Plaintiff's claims,

and accordingly it is **ORDERED** and **ADJUDGED** that the Motion to Dismiss (Doc. 16 ) filed by Defendant is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 20th day of April, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party