UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BOWEN, MICLETTE & BRITT OF**
**FLORIDA, LLC, f/k/a HUCKLEBERRY**
**ACQUISITION CO., LLC,**

       **Plaintiff,**

-vs-                                   **Case No. 6:12-cv-306-Orl-28KRS**

**TERRY LEE JAMES,**

       **Defendant.**
_____

## ORDER

This cause is before the Court on the Rule 12(b)(6) motions to dismiss (Docs. 48, 49, 57, 69, & 83) the Counterclaims of Terry Lee James. These motions were filed by: Larry Karren (Doc. 48); Bowen, Miclette, and Britt, Inc. ("BMB, Inc.") (Doc. 49); Amerisure Insurance Company ("Amerisure") and Agency Capital Group, LLC ("ACG") (Doc. 57); Edward Britt (Doc. 69), and Thomas Hoeg (Doc. 83). James has filed identical responses to the motions of Karren (Doc. 59), BMB, Inc. (Doc. 58), and Amerisure and ACG (Doc. 71); he has not responded to the other two motions. With permission of the Court, Karren and BMB, Inc. have filed a consolidated Reply (Doc. 62) regarding James's responses to their motions.

Generally, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). One caveat to the general pleading standard of Rule 8 is that "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

In his counterclaims against the moving Counter-Defendants, James alleges breach of contract, fraud, violation of the Florida Deceptive and Unfair Trade Practices Act, conspiracy, and retaliation. Even affording James a liberal reading of his counterclaims,[1] the Counter-Defendants raise substantial arguments as to the insufficiency of the counterclaims, and James has provided only a general response that does not address these deficiencies at all. These deficiencies pertain both to the general pleading requirements of Rule 8(a) as well as the particularity requirement of Rule 9(b) as to James's fraud claims.

Nevertheless, the Eleventh Circuit has held: "Generally, '[w]here a more carefully drafted complaint might state a claim, a [claimant] must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (quoting Bank v. Pitt, 928 F.2d 1108, 1112

---

[1]The parties dispute whether James should be afforded the liberal construction granted to pro se litigants. James is nominally appearing pro se in this case, but in his filings he indicates that the filings have been prepared with the assistance of counsel. Because James's claims are deficient even under a liberal reading, the Court need not resolve this issue at this point.

(11th Cir. 1991)).  Therefore, Counter-Defendants' motions to dismiss will be granted, but James will be afforded an opportunity to amend his counterclaims to attempt to satisfy the pleading requirements of the Federal Rules of Civil Procedure and controlling case law.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.  The motions to dismiss (Docs. 48, 49, 57, 69, & 83) filed by Counter-Defendants Larry Karren, Bowen, Miclette, and Britt, Inc., Amerisure Insurance Company and Agency Capital Group, LLC, Edward Britt, and Thomas Hoeg are **GRANTED**.

2.  The Counterclaims filed by Defendant Terry Lee James (Doc. 27) against the moving Counter-Defendants are **DISMISSED without prejudice**.

3.  James may file amended counterclaims against the moving Counter-Defendants **on or before Friday, March 22, 2013**, if he can state one or more actionable claims that satisfy the applicable pleading requirements.  **Failure to file amended counterclaims by this deadline may result in dismissal of James's counterclaims with prejudice without further notice.**

**DONE** and **ORDERED** in Orlando, Florida this 7th day of March, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party